# SUPREME COURT.

## JASON FAIRBANKS agt. MARY MOTHERSELL.

As the law undoubtedly now is, in regard to the separate property of *married women*, they may make *special contracts with their husbands*, and let jobs to them of particular work, such as building and the like, the same as though they were strangers, and in such a case, where the transaction is, in all respects, in good faith, and the husband employs the men on his work in his own name and for his own benefit as contractor or jobber, and in no respect on the wife's credit, the laborers so employed would have to look to the *husband* for pay, and could not make the wife liable, the same as in any other case where a jobber employs laborers for himself to work on his job. Such an arrangement between husband and wife, however, should be regarded with suspicion; and, in case of non-payment of the laborers by the husband, the most searching and rigorous scrutiny should be instituted.

In this case the defendant owned separate real estate, and was engaged in building upon it. She let the job of digging the cellar and laying the cellar wall to her husband, and paid him therefor, according to the agreement, $138. The husband requested the plaintiff to do some work, with his team, of plowing and scraping in leveling off the lot, and the plaintiff did not know at the time but that the husband owned the premises, and supposed he was working for him upon his own property:

In an action against the wife to recover the amount of this work, labor and services, *held*, that this work was not done upon the cellar job let to the husband, but upon the lot belonging to the wife; so the case stands simply upon an employment by the husband to work for his wife on her separate property, without any express agreement whether he should be paid by the husband or wife. The defendant knew the plaintiff was at work there, and saw the kind of work he was doing, and the law will imply a promise, on her part, to pay for the services, if it was in fact her work. Judgment for plaintiff.

*Fourth Department, Buffalo General Term, June, 1871.*

*Before* MULLIN, *P. J.,* JOHNSON *and* TALCOTT, *J.J.*

THE action was brought in a justice's court of Jefferson county. The complaint alleges that the defendant is a married woman owning, in her own right, a lot of land situated on Washington Street, in the city of Watertown, and that the defendant is indebted to the plaintiff in the sum of fifty dollars, for work, labor and services performed

for defendant by the plaintiff, in or about the month of November, 1868, at her request, and for the benefit of her separate estate. The answer was a general denial. On the trial it was admitted that the defendant owned the real estate as alleged in the complaint. The plaintiff testified that in November, 1868, his hired man and team performed work on the lot, plowing, scraping and leveling it off, which was worth the sum of $37 50. The plaintiff rested, and a motion for a nonsuit was denied. The defendant's husband was then sworn, and he testified that he employed the plaintiff to do the work in question, on his own account. That he had a contract from his wife, the defendant, to dig a cellar and build the wall of the same; for which he was paid $138. The defendant also testified that she never employed the plaintiff to do the work, and never authorized any one to employ him for her; that she let the job of digging the cellar and laying up the wall to her husband, and paid him therefor $138. The defendant's husband also swore that he paid the claim to plaintiff. On the cross-examination of these witnesses. it appeared that the defendant, in the fall of 1868, was engaged in erecting a house upon the lot. That she employed all the workmen, either by herself or her husband, and paid them herself, except the job of digging and completing the cellar, which she let to her husband. That some time after the plaintiff's man commenced the work on the lot, defendant saw him at work and made no objections. That she gave her husband a check, some time after the work was performed, to pay for it. That her husband acted as her agent in such matters, about the building of the house, as she could not attend to personally. The plaintiff admitted, that when defendant's husband engaged him to do the work, nothing was said about defendant, or as to who should pay for it. That he made no entry, or charge for the work to any one. That he did not, when the work was being done, or for a long time after, know that the defendant owned the lot. That

he never had any conversation or business with the defendant. He denied that the defendant's husband, or any one, ever paid him for the work. The justice rendered judgment for the plaintiff for $37 50 and costs. The county court of Jefferson County affirmed the judgment, and the defendant appealed to this court.

MOORE & McCARTIN, *for appellant.*
D. O'BRIEN, *for respondent.*

*By the court,* JOHNSON, J.—The work and labor for which this action was brought, was confessedly performed by the plaintiff, on the defendant's separate property and estate; and she received the benefit and advantage of such labor. She was engaged in building a house for herself, on premises owned by her separately; and the labor was performed on the premises, in some way, as clearly appears, as preparatory to or in connection with the erection of such building. The defense to this claim is that the work was done upon the employment of the defendant's husband, on his own account, and not for the defendant in any legal sense. That the defendant let the digging of the cellar, and the laying of the cellar wall, to her husband, by the job, and paid him therefor according to the agreement, $138, and that this work was done upon that job, for the husband. It appears that the husband requested the plaintiff to do the work and the plaintiff did not know at the time but that the husband owned the premises and supposed he was working for him upon his own property. He did not know, and was not informed, that the wife owned the property, and the husband was a mere jobber under her for any portion of the work. I suppose, as the law now is, in regard to the separate property of married women, they may make special contracts with their husbands, and let jobs to them of particular work, such as building and the like, the same as though they were strangers; and in such a case, where the trans-

action is, in all respects, in good faith, and the husband emplors the men on his work in his own name and for his own benefit as contractor or jobber, and in no respect on the wife's credit, the laborers so employed would have to look to the husband for pay and could not make the wife liable the same as in any other case where a jobber employs laborers for himself to work on his job; such an arrangement, however, between husband and wife must be an exceedingly suspicious one where the laborers had not been paid by the husband, and would be open to and invite the most searching and rigorous scrutiny. Doubtless in such a case, in view of the relation between the proprietor and jobber, the honesty and good faith of the transaction should be made to appear very clearly, in order to shield the wife from liability.

It has been repeatedly held that the wife may employ the husband as her agent, to transact any or all of her business, and this being so, I do not see why she may not contract with him to do any and all her work by the job, for a stipulated price.

In this case, however, it is not shown that the work performed by the plaintiff was upon the job of digging and walling up the cellar. The husband had no other job than the cellar. All the rest of the work on the lot was done for the defendant, as clearly appears. Plaintiff's work, as the proof shows, was plowing and scraping, in leveling off the lot. It was not upon the cellar, or at least that does not clearly appear from the evidence, and I think the justice might have well so found.

This being so, the case stands simply upon an employment by the husband to work for his wife on her separate property, without any express agreement whether he should be paid by the husband or wife. The defendant knew the plaintiff was at work there, and saw the kind of work he was doing, and the law will imply a promise on her part to pay for the services, if it was in fact her work.

Upon the question of payment, the evidence was conflicting and the finding of the justice is conclusive. The defendant testifies that she gave her husband a check to pay for this very work, but as the claim was not paid, she remained liable as before. The fact that she gave her husband the check to pay for the labor is some evidence that she expected to pay for it. It appears that the plaintiff did not charge the work to any one until after he ascertained the wife owned the property. No entry had been made of it against any one in particular, though he supposed he was doing the husband's work and expected he would pay him. There was no credit given to the husband in any other way. It was not, therefore, the husband's debt as it was not on his job, nor was it his duty to pay it.

The judgment is right, and must be affirmed.