Robert Hill, Respondent, v. Peter R. Miller, Appellant.

Where a contract is partly printed and partly in writing, the written matter must prevail over the printed, in case of conflict between them.

Plaintiff agreed to sell, and defendant to purchase, 12,000 hop poles, at $70 per thousand. Two papers were prepared, one written by plaintiff and signed by defendant's agent, the other, a printed form, filled up and signed by plaintiff. The agreement was stated substantially alike in each, with this exception; the former contained this clause, "no objection to any kind of cedar;" while the latter required "said poles to be of yellow cedar, first growth." *Held*, that the referee was justified in holding that the written paper was binding; also, *held*, that evidence of conversations between the parties, at the time, was competent upon the question as to which was intended as the contract.

Defendant's agent, who acted for him in making the contract, had general verbal authority to purchase. *Held*, that although the authority of the agent was limited to making contracts according to the printed blanks, the blanks could be regarded as private instructions, by which the public, dealing with the agent, would not be bound.

A simple contract, executed by an authorized agent in his own name, as agent, is binding upon his principal.

(Argued December 11, 1878; decided January 21, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover for a quantity of hop poles, alleged to have been sold and delivered by plaintiff to defendant, under a contract between the parties.

The facts appear sufficiently in the opinion.

*A. W. Mills*, for appellant. Mills was defendant's special agent and defendant is not bound by any of his acts unless strictly within the authority conferred. (Story on Agency, § 133, sub. 2; *Munn* v. *Pres., etc.*, 15 J. R., 43; Dunlap's Paley on Agency, 201; *Rossiter* v. *Rossiter*, 8 Wend., 496; *Hottsinger* v. *Nat. Com. Ex. Bk.*, 37 How., 203.) Plaintiff was bound to examine into the authority conferred and must be presumed to know its nature and extent. (Story on Ag., §§ 127, 133; *Stainer* v. *Tyson*, 3 Hill, 279; 16 N. Y., 143; *Greenwood* v. *Spring*, 54 Barb., 381.) As plaintiff's "Exhibit A" does not purport in its body or in the style of its execution to be defendant's contract it cannot be held to be such. (*De Witt* v. *Walton*, 5 Seld., 571; *Dean* v. *Roeslee*, 1 Hilt., 420; *Squier* v. *Norris*, 1 Lans., 286; *Peretz* v. *Stanton*, 10 Wend., 271; *Baker* v. *Mech. Ins. Co.*, 3 id., 49; *Minard* v. *Mead*, 7 id., 68; *Bradley* v. *Boston Glass Factory*, 16 Pick., 347; *Simons* v. *Heard*, 23 id., 130; *Packard* v. *Wyle*, 2 Metc., 47; *Russell* v. *Jones*, 3 B. & Ald., 47; *Tanner* v. *Christian*, 29 Eng. L. & Eq., 103; *Cook* v. *Wilson*, 37 id., 361; *Parker* v. *Winslow*, 7 El. & Bl., 942.)

*E. H. Neary*, for respondent. Mills was defendant's general agent for the purchase of hop poles. (1 Pars. on Con. [5th ed.], 40; 2 Kent's Com. [10th ed.], 857 [m. p.], 620.) The agreement, as made and signed by Mills, was binding on defendant, and would be even if defendant's name did not appear in it. (*Dykers* v. *Townsend*, 24 N. Y., 57; *Babcock* v. *Beman*, 1 E. D. S., 593; *Briggs* v. *Partridge*, 64 N. Y., 357; 1 Pars. on Con. [5th ed.], 51, 52; *Moss* v. *Rossie L. M. Co.*, 5 Hill, 137; *Conro* v. *Pt. Henry Iron Co.*, 12 Barb., 27, 53; *Rogers* v. *Kneeland*, 10 Wend., 218; 13 id., 114.) In construing the contract it was proper to give greater weight to the written than the printed portions. (*Marsh* v. *Dodge*, 66 N. Y., 533; *Rogers* v. *Smith*, 47 id., 324; *Woodruff* v. *Comcl. Ins. Co.*, 2 Hilt., 122; 2 Pars. on Con. [5th ed.], 516.)

CHURCH, Ch. J. The question principally litigated on the trial was whether plaintiff's Exhibit A, or defendant's Exhibit No. 3, constituted the binding contract between the parties. The referee found that the plaintiff's exhibit constituted the contract, but upon request found that the defendant's exhibit was a part of the contract, and should be read in connection with the contract, as claimed by the plaintiff.

The two papers are alike in most respects. Each contains an agreement by the plaintiff to sell, and the defendant to purchase 12,000 cedar hop poles, at seventy dollars per thousand, of specified dimensions, to be delivered at stations on the railroad.

The paper presented by the plaintiff was drawn by him, and signed by one Mills as agent for the defendant, and the agreement claimed by the defendant, was a printed form filled up and signed by the plaintiff. The essential difference between the two is that in the former it is specified "no objection to any kind of cedar," while in the latter the contract requires "said poles to be of yellow cedar, first growth."

We think that the referee was justified in holding that the written paper was binding. As a question of fact the finding

is conclusive upon this court, and so far as the finding was influenced by the principle of law, that written matter must prevail over printed, the referee committed no error. The referee found that the plaintiff delivered 10,076 poles at the station, under the contract, and there is no finding that these poles did not conform to the agreement as claimed by the plaintiff, and found by the referee, and we must assume that they did. Of these the defendant accepted and received 2,740, and refused to accept the remainder on the ground that they did not conform to the contract as claimed by him.

The point is made that the authority of Mills was limited to making contracts according to the printed blanks, and had no authority to make the other contract, but the evidence is sufficient to warrant the finding that he had general verbal authority to buy hop poles, and if so, the blanks might be regarded in the nature of private instructions by which the public dealing with the agent would not be bound. Besides there was evidence tending to show that the defendant told the plaintiff that any contract made with Mills would be all right, and that when the written paper was shown him, he recognized its binding force, although stating that Mills had no right to make such a contract.

It is also urged that the contract was not properly executed. It is signed "Thos. Mills, agent, for P. R. Miller." Such a contract if actually made in pursuance of authority may be signed by the agent in his own name, and the principal will be liable. (*Briggs* v. *Partridge*, 64 N. Y., 357; *Dykers* v. *Townsend*, 24 id., 57.) Besides there is evidence of recognition and adoption of the contract by the defendant, and whatever conflict there was upon this point was settled by the referee. (1 Pars. on Contracts, 49, 50.)

We have examined the exceptions to evidence, and do not think any of them are tenable.

The conversations in respect to the contract were offered only upon the question as to which was intended as the contract between the parties, and in that view they were competent.

We are unable to find any other exception presenting a question reviewable in this court, and the judgment must be affirmed.

All concur.

Judgment affirmed.