Bernard Kelly et al., Appellants, *v.* Charles Christal et al., Respondents.

Plaintiffs, to discharge an attachment, executed an undertaking conditioned to pay the plaintiffs in the attachment suit the amount of any recovery therein. Subsequently by stipulation of the parties in that action, the summons and proceedings were amended by bringing in another as defendant; the answer was thereafter withdrawn and judgment taken as by default. An action was brought upon the undertaking. This action was thereupon brought to stay proceedings in said action, to vacate the judgment and attachment and to cancel the undertaking, the complaint alleging fraud and collusion and that the claim in the attachment suit was fictitious. The trial court found the facts in favor of defendants and dismissed the complaint. It was claimed upon appeal that by the amendment bringing in a new party plaintiffs' undertaking was discharged. *Held*, that if plaintiffs' claim has any merit (as to which, *quære*) it was available to plaintiffs in the action on the undertaking and furnished no ground for the interposition of a court of equity.

(Argued March 19, 1880; decided April 6, 1880.)

This case is reported below (16 Hun, 242).

By summons dated 16th July, 1870, an action was commenced in the Supreme Court by Charles Christal and William B. Marsh, executors of Alexander Hoag, deceased, against William Christal and Joseph Struthers, defendants. The action, as appears from the complaint, was upon a promissory note made by the firm of Christal & Struthers, payable to the order of the plaintiffs as executors. On the 18th of July, 1870, an

attachment issued in that action against the property of William Christal, one of the defendants, on the ground that he was a non-resident. On the 20th of July, 1870, in order to procure its discharge, the plaintiffs herein executed an undertaking conditioned "to pay the above-named plaintiffs the amount of the judgment which may be recovered against the above-named defendants in this action, not exceeding" the sum of $15,000. On the 30th of July, the defendants in that action appeared by attorneys therein and answered, setting up that Charles E. Christal was a copartner with them, and should have been joined as defendant. On the 12th of August the attorneys of the respective parties stipulated that the summons and other proceedings might be amended by adding the name of Charles E. Christal as defendant. This was done. An amended answer served in September, 1870; withdrawn in February, 1872, and judgment as by default entered against all the defendants. Execution for its enforcement was issued, and returned *nulla bona*. The plaintiffs in the present action allege that a suit has been commenced against them upon the undertaking above mentioned. The relief demanded is, that the proceeding in that suit be stayed; the judgment and attachment vacated, so far as they affect them, and that the undertaking be canceled. The complaint charges that the debt described therein was fictitious; that the plaintiffs were induced to sign the undertaking by misrepresentation, and sets out other frauds and fraudulent contrivances in connection with the action in which the judgment was rendered, and fraud in procuring the judgment. Issue was joined, and after a hearing at Special Term, the complaint was dismissed, the court finding every fact put in issue in favor of the defendants. The court here held that the findings are sustained by the evidence. The point most strenuously insisted upon by plaintiffs' counsel rested upon the amendment above referred to, by which a new party was made defendant; he claiming that by it the plaintiffs, as sureties upon the undertaking, were discharged. As to this the court say, "The question is not raised by any allegation in the pleadings, and it is quite apparent that if it has any foundation or merit (and as to this we

express no opinion), it was available to the present plaintiffs as defendants in the action now pending upon the undertaking, and can in no aspect furnish any ground for the interposition of a court of equity."

*Samuel Hand* for appellants.

*Edward S. Clinch* for respondents.

DANFORTH, J., reads for affirmance.
All concur.
Judgment affirmed.