## MACKEY et al. v. WEBB.

*(Supreme Court, General Term, Fourth Department. July 20, 1889.)*

IMPLIED CONTRACT—EVIDENCE.

　　Evidence that plaintiffs performed labor and furnished materials in improving the separate estate of defendant, a married woman, at the request of her husband, without any agreement as to who would pay for them; that defendant was present and saw the work done, and made no objection; that she consulted with her husband concerning the improvements, and cautioned plaintiffs about placing stone on her garden,—is sufficient to uphold a verdict for plaintiffs on the ground of an implied promise to pay for the labor and materials, though the husband swears that defendant did not authorize him to have the improvements made.

Appeal from Jefferson county court.

Action by Henry Mackey and John Banks against Julia A. Webb, a married woman, to recover for labor done and materials furnished in the improvement of her separate estate, begun before a justice of the peace. Judgment for plaintiffs, which was affirmed, and defendant again appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*E. P. Webb,* for appellant. *E. C. Emerson,* for respondents.

MARTIN, J. Whether the evidence was sufficient to justify the jury in finding that the labor and materials furnished by the plaintiffs were furnished to the defendant, and in holding her liable therefor, is one of the questions presented on this appeal. The work and materials were furnished at the request of the defendant's husband. Nothing was said between the plaintiffs and defendant's husband as to who was to pay therefor. The plaintiffs were employed in making improvements on the defendant's separate property. The defendant was present when the work was performed and materials were furnished, and made no objection. She at one time cautioned them about placing stone upon her garden, and she and her husband consulted together about the work and plan of the improvements to her house. The defendant's husband testified that his wife did not authorize him to have the work done or the materials furnished. The jury evidently did not give credit to this evidence. The question as to what credit was to be given to this evidence was for the jury. *Elwood* v. *Telegraph Co.,* 45 N. Y. 549; *Koehler* v. *Adler,* 78 N. Y. 291; *Lesser* v. *Wunder,* 9 Daly, 73; *Cornell* v. *Markham,* 19 Hun, 275; *Kavanagh* v. *Wilson,* 70 N. Y. 177; *Gildersleeve* v. *Landon,* 73 N Y 609; *Railroad Co.* v. *Strong,* 75 N. Y. 591; *Honegger* v. *Wettstein,* 94 N. Y. 252; *Becker* v. *Koch,* 104 N. Y. 395, 10 N. E. Rep. 701; *Manhattan Co.* v. *Phillips,* 109 N. Y. 383, 17 N. E. Rep. 129; *Munoz* v. *Wilson,* 111 N. Y. 295, 18 N. E. Rep. 855. Hence the question is whether the other evidence in the case was sufficient to uphold the verdict. In the case of *Fairbanks* v. *Mothersell,* 60 Barb. 406–408, which was a case very similar to this, the court said: "The case stands simply upon an employment [of plaintiff] by the husband to work for his wife on her separate property, without any express agreement whether he should be paid by the husband or wife. The defendant knew the plaintiff was at work there, and saw the kind of work he was doing, and the law will imply a promise on her part to pay for the services if it was in fact her work." This question was held to have been rightly decided in that case in *Perkins* v. *Perkins,* 7 Lans. 27, 62 Barb. 539. See, also, *Fowler* v. *Seaman,* 40 N. Y. 592; *Garretson* v. *Seaman,* 54 N. Y. 652; *Husted* v. *Mathes,* 77 N. Y. 388. We are of the opinion that the

authorities cited justify us in upholding the judgment appealed from. We are also of the opinion that the evidence was sufficient to sustain the judgment for the amount recovered. As no other errors are claimed by the appellant, we think the judgment should be affirmed. Judgment of the Jefferson county court affirmed, with costs. All concur.