### Dorsey *v.* Pike.

*(Supreme Court, General Term, Fifth Department.* June 20, 1890.)

PRINCIPAL AND AGENT—PROOF OF RELATION.

Where it appears that defendant's husband was her agent in operating a quarry, the jury are justified in finding that he had authority to purchase machinery for use in the quarry.

Appeal from Monroe county court.

Action by James Dorsey against Rosella E. Pike for the price of machinery sold. Judgment on a verdict for plaintiff, and an order denying a new trial, were entered, and defendant appeals. For former report, see 3 N. Y. Supp. 730.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*John Desmond*, for appellant. *Henry J. Sullivan*, for respondent.

CORLETT, J. This action was commenced in November, 1886, in the municipal court of the city of Rochester, for the purpose of recovering the purchase price of an engine, pump, and boiler, which the plaintiff claims had been sold to the defendant for $250. The complaint was denied, and judgment rendered for the defendant in that court. The plaintiff appealed to the Monroe county court, where a trial was had, resulting in a verdict for the plaintiff. A motion for a new trial was denied. The defendant appealed to this court, where a new trial was granted because of error in the charge. 3 N. Y. Supp. 730. It was again tried in the county court in April, 1889, resulting in a verdict for the plaintiff. A motion for a new trial was denied, judgment was entered, and the defendant appealed to this court.

The defendant was the owner a stone quarry in the county of Monroe; and on the 3d day of July, 1886, the plaintiff leased the engine and pump for $12 per week. James B. Pike transacted the business, and was the defendant's husband. He took the property, and a while afterwards used the same in the defendant's quarry. The plaintiff claims, and the evidence tends to show, that on the 6th day of August, 1886, the plaintiff sold to the defend-

ant, through her agent, the husband, the engine, pump, and appurtenances, for $250. The property was in the quarry at the time of the alleged sale. After that the defendant, through her husband, exercised dominion over the property, and used it as owner in the quarry. There was some evidence given on the trial tending to support this contention. At the close of the plaintiff's evidence the defendant moved for a nonsuit upon the ground that the plaintiff had failed to establish a cause of action against the defendant; also that the contract was void because not reduced to writing, and that no money was paid at the time of the purchase; on the further ground that the property was never received, delivered, or accepted; also that the agency of the husband had not been established. The motion was denied, and the defendant's counsel excepted. At the close of the evidence the motion was renewed and denied, and the defendant excepted.

The trial judge charged the jury to the effect that the proof tending to establish the agency of the husband was mainly circumstantial, and the learned judge calls attention to numerous facts and circumstances in support of this view. The question as to whether there was a sale was also fully considered and commented upon by the learned judge, and also the question as to whether possession was delivered and taken under the sale, leaving to the jury the questions as to whether the husband was agent for the wife in that matter, whether there was a bargain and sale, whether there was a delivery and acceptance under the sale; charging the jury that, if either of those propositions were found in favor of the defendant, the plaintiff must fail. No exceptions were taken to the charge, but numerous requests to charge on the part of the defendant were made, all of which seem to have been properly disposed of by the trial judge. The defendant was not examined as a witness in her own behalf; and, in view of the fact that there were circumstances tending to establish her husband's agency to make the purchase, her omission to testify on that subject was a circumstance which the jury were at liberty to consider in reaching a conclusion upon that branch of the case. *Clark* v. *Railroad Co.*, 40 Hun, 607. Where an agent has general authority, private instructions are not available against those dealing with him. *Hill* v. *Miller*, 76 N. Y. 32. It is a familiar rule that the knowledge of an agent, within the scope of his authority, is that of the principal. *Van Schoick* v. *Insurance Co.*, 68 N. Y. 434; *Sentell* v. *Insurance Co.*, 16 Hun, 516. There were circumstances tending to show the agency of the husband. The property was used in her quarry to her knowledge, and, its being upon her separate property, must be presumed to be used for her benefit. *Cutter* v. *Morris*, 116 N. Y. 310, 22 N. E. Rep. 451. It follows that the husband's purchase of the property, he being agent, bound her. There was some evidence tending to show an acceptance under the purchase. The jury found the facts in favor of the plaintiff.

Numerous objections were made and exceptions taken by the learned counsel for the defendant, during the progress of the trial, on the subject of the admission and rejection of evidence. One objection was to allowing George E. Warner to refresh his recollection by looking at memoranda. For that purpose, it is entirely immaterial whether the entries the witness looked at to refresh his recollection are originals, copies, or whether made by himself or by a stranger. *Marcly* v. *Shults*, 29 N. Y. 346–351. All the exceptions have been examined, but no errors are discovered, to the prejudice of the defendant, requiring a reversal. The judgment must be affirmed. All concur.