FITZ BOYNTON and Another, Respondents, *v.* OPHELIA E. SQUIRES, Appellant, Impleaded with Another.

*Services for a married woman — her liability for goods sold — allegation of joint liability where the obligation is several.*

When services are rendered for the benefit of the separate estate of a married woman with her knowledge, the presumption is that they were rendered at her request.

The fact that certain goods sold were charged to the husband does not necessarily relieve the wife from liability therefor, if the vendor did not know of her ownership of the property for the benefit of which the goods sold were purchased.

The fact that the complaint in an action charges a joint liability of two defendants does not relieve one of such defendants, appealing from the judgment rendered against her therein, if the facts warranted the finding that she was individually liable.

APPEAL by the defendant Ophelia E. Squires from a judgment of the County Court of Cortland county in favor of the plaintiffs, entered in the office of the clerk of the county of Cortland on the 17th day of September, 1894, upon the decision of the court affirming the judgment of a justice of the peace of the town of Cortlandville, Cortland county, N. Y., and also from an order entered in said clerk's office on the 17th day of September, 1894, affirming the said judgment.

*E. E. Mellon*, for the appellant.

*T. E. Courtney*, for the respondents.

MERWIN, J. :

This action was commenced in Justice's Court against the defendant and her husband, E. Frank Squires. The complaint was for goods sold and delivered; the main issue was whether the appellant was liable. There was a trial by jury and a verdict against both defendants. The husband did not appeal. The plaintiffs were in the drug business, and the recovery was for paints and oils sold by plaintiffs at their store and delivered to the two witnesses Galpin and Mullane in September, 1892, and taken by them on to a farm owned by the appellant, and there used in September, 1892, by the witness Galpin in painting the buildings on the farm. Mrs. Squires became the owner of the farm in July, 1892, and she with her husband

moved on to it in December, 1892. She was there about the buildings while the painting was being done. It may be inferred that the painting was being done preparatory to the subsequent occupancy. The husband directed the men to get the goods of the plaintiffs, and they were charged to the husband. There is evidence that the husband did not direct how they should be charged. There is evidence tending to show that the plaintiffs did not know that the wife owned the farm. The witness Mullane worked on the farm from July to December, 1892, and he testified that he worked for the defendants, and that the husband hired him and paid him. The witness Galpin testifies that the husband hired him, and that in getting his pay he sued both defendants and recovered a judgment against both.

In *Cutter* v. *Morris* (116 N. Y. 310) it is said that when services are rendered for the benefit of the separate estate of a married woman, with her knowledge, the presumption is that they were rendered at her request. The same doctrine was laid down in *Fairbanks* v. *Mothersell* (60 Barb. 406). This case was referred to, but not overruled in the case of *Jones* v. *Walker* (63 N. Y. 612), which is relied on by the appellant. (See, also, *Mackey* v. *Webb*, 25 N. Y. St. Repr. 308.)

In the present case, in view of the presumption referred to and of the evidence in the case, it was for the jury to say whether the painting was done at the appellant's request, and, if so, it would then also be a question of fact whether the materials were not ordered at her request and obtained by employees at work, either for her alone or for her in association with her husband.

The fact that the goods were charged to the husband did not necessarily relieve the wife, as the plaintiffs did not know of her ownership. (*Meeker* v. *Claghorn*, 44 N. Y. 349 ; *Foster* v. *Persch*, 68 id. 400.) The fact that the complaint charges a joint liability does not relieve the appellant if the facts warrant a finding of individual liability. (*Brumskill* v. *James*, 11 N. Y. 294 ; *Stimson* v. *Van Pelt*, 66 Barb. 151.)

As the case stands we think that the judgment should be affirmed.

Hardin, P. J., and Martin, J., concurred.

Judgment affirmed, with costs.