(17 Misc. Rep 540)

## HOLDEN et al. v. KUTSCHER.

(Fulton County Court.　March, 1896.)

HUSBAND AND WIFE—AGENCY OF HUSBAND FOR WIFE.

In an action for the price of lumber alleged to have been sold to defendant, a married woman, and used in improving her real estate, the defense was that the lumber was purchased by defendant's husband on his own credit.　Plaintiffs testified that the husband stated that the lot on which he wished to use the lumber was owned by his wife and himself.　Defendant was present when the lumber was delivered, and gave directions where it should be placed, and expressed herself as being glad that it had come.　*Held*, that such evidence was sufficient to sustain a finding that the sale was made to defendant.　Collins v. Fairchild (Sup.) 2 N. Y. Supp. 153, distinguished.

Appeal from justice court.

Action by William Holden and others against Satie E. Kutscher for the price of lumber alleged to have been sold by plaintiff to defendant.　Defendant, who was a married woman, claimed that the sale was made to her husband.　There was a judgment in favor of plaintiffs, and defendant appeals.　Affirmed.

Ralph Glasgow, for appellant.

Frank Talbot, for respondents.

KECK, J.　The judgment rendered in the justice's court can be sustained only upon the theory that the sale of lumber in question was to the defendant, and not to her husband, and, although the case is not free from doubt, I am, after a careful study of the testimony contained in the return, led to believe that the finding of the sale to defendant must be upheld.　The plaintiff Charles Holden testified that Arthur Kutscher, the husband of the defendant, said he wanted some lumber to use in a house he was building; that

he wished to pay part cash, and wanted credit for the balance; that he asked who owned the lot on which he wanted to use the lumber, and was told that he and his wife owned it; and that he (plaintiff) then told him they could have the lumber, which was thereafter delivered. He further testified that he afterwards called on the defendant, and asked for pay, and she said she owned the lot at the time the lumber was delivered, and that plaintiffs looked (that is, gave credit, I presume) to the parties who owned the property. The plaintiffs' witness Conrick testified that he drew the lumber to defendant's premises; that defendant was present on the premises when he delivered the first two loads; that when he went with the first load defendant said, "I am glad you have come and brought the lumber, so we can finish off the house;" also that he put the lumber where defendant directed, and that she was living in the house at the time. I think that it may reasonably be inferred from the testimony, and the magistrate must so have found, that the husband was acting for his wife in the purchase of the lumber. The plaintiff, at the time the sale was made, after being told who owned the property on which the lumber was to be used, says, "I told him they could have the lumber," thereby implying that the credit was to be given to the owner or owners, and not to some irresponsible person. The lumber was used to improve the defendant's property. She was present at its delivery, and gave directions where it should be placed, and expressed herself as being glad it had come, thus implying that she had knowledge of its purchase, and her willingness to receive it. In the absence of facts and circumstances showing more clearly that the sale was made and credit given to another, she should be held responsible for it. The facts and circumstances of this case are clearly distinguishable from those in the case of Collins v. Fairchild (Sup.) 2 N. Y. Supp. 153. In that case there was no evidence showing, or tending to show, that the defendant, who was a married woman, ever knew of whom the lumber sought to be recovered for was purchased by her husband; the husband having worked and otherwise had dealings with the plaintiff for several years prior to the purchase; and the credit was given to him, and not to the wife, the owner of the property on which the lumber was used by the husband in erecting a barn. Nor is the case of Travis v. Scriba, 12 Hun, 391, cited by the learned counsel for the appellant, in point, for the reason that the purchase there made by the husband was in the absence of the wife, without her knowledge and consent, and the credit was given to him, and not to his wife. The following cases seem to be in point, and controlling of the case in hand, viz.: Mackey v. Webb (Sup.) 6 N. Y. Supp. 795. Wherein it was held that, where a married woman is present while work is being done upon her separate property, at the request of her husband, and makes no objection thereto, but consults her husband as to the work and place, such facts raise an implied promise on her part to pay therefor, and that she will be liable for the same. In the case of Dorsey v. Pike (Sup.) 10 N. Y. Supp. 268, it was held that the defendant, who was a married woman, and who owned a stone quarry, which was worked

by her husband, there being some evidence tending to show that he was her agent, was liable for the purchase price of an engine and pump, which was used in the quarry with her knowledge. In the case of Boynton v. Squires, 85 Hun, 128, 32 N. Y. Supp. 467, it was held that, when services were rendered for the benefit of the separate estate of a married woman, with her knowledge, the presumption is that they were rendered at her request; and also that the fact that certain goods were charged to the husband does not necessarily relieve the wife from liability therefor if the vendor did not know of her ownership of the property for the benefit of which the goods were purchased. If the proper rules of law were laid down in these cases, it must follow that the defendant in the case under consideration must be held to have been the purchaser of the lumber in question, and liable for the purchase price thereof, and the judgment appealed from should be affirmed, with costs; and an order is directed to be entered accordingly.