poration law (Laws 1892, p. 1805, c. 687), there must be something more than an occasional transaction.

As was said in Penn Collieries Co. v. McKeever, 183 N. Y. 103, 75 N. E. 935, 2 L. R. A. (N. S.) 129, the evidence should establish a continuous business. "To be doing business in this state" implies a corporate continuity of "conduct in that respect, such as might be evidenced by the investment of capital here, with the maintenance of an office for the transaction of its business, and those incidental circumstances, which attest the corporate intent to avail itself of the privilege to carry on a business." "In short, it should appear," as it was intimated in the opinion in People v. Barker, 157 N. Y. 159, 165, 51 N. E. 1043, "that the corporation and its officers intended to establish a continuous business in the city of New York, and not one of a temporary character."

The facts proven in this case do not bring it within the rule laid down in those cases. The transactions related only to one particular kind of fruit, to wit, peaches. The season was necessarily short. The plaintiff had no control over the consignment after it was made. It kept no offices here. It had no capital invested here. It is well established that the sending of an agent through a state to obtain orders for goods manufactured in another state and to be shipped from there to a purchaser here does not violate the statute. Vaughn Machine Co. v. Lighthouse, 64 App. Div. 138, 71 N. Y. Supp. 799; Tallapoosa Lumber Co. v. Holbert, 5 App. Div. 559, 39 N. Y. Supp. 432. None of the recognized tests bring this case within the condemnation of the statute. Moreover, it has recently been held that, in order to justify a dismissal of an action brought by a foreign corporation on the ground of failure to obtain a certificate under section 15 of the general corporation law, it must also appear that the corporation is a foreign stock corporation. South Bay Co. v. Howey, 113 App. Div. 382, 98 N. Y. Supp. 909; Wright & Co. v. Faulkner, 101 N. Y. Supp. 807, 52 Misc. Rep. 100. Whether this plaintiff is a stock corporation or not does not appear.

We are therefore of the opinion the judgment appealed from should be reversed and a new trial had in the Municipal Court, costs of this appeal to abide the event.

---

(53 Misc. Rep. 373)

### BOWMAN v. POPPENBERG et al.

(Supreme Court, Special Term, Erie County. February, 1907.)

1. EVIDENCE—WRITTEN CONTRACTS—PAROL EVIDENCE.

Where supposed duplicate copies of one agreement differ as to certain particulars, parol evidence is admissible to show which of the two papers embodies the real agreement.

2. INJUNCTION—ACTION AT LAW—OTHER ADEQUATE REMEDY.

Complainant, having been sued on a piano sale contract on which it was claimed there was due a balance for interest, brought a suit in equity to reform defendant's duplicate of the contract, alleging that, when it was made, complainant objected to the payment of interest, whereupon the interest clause was stricken from his duplicate, but not from the one which subsequently came into defendant's hands, and prayed that the

latter be reformed, and that defendant's suit thereon be enjoined. *Held*, that complainant had an adequate remedy by defense in the former suit on the ground that defendant's duplicate did not express the true agreement of the parties.

Action by John E. Bowman against Gustave H. Poppenberg and another. On motion to dissolve a temporary injunction on the original papers. Granted.

Dudley, Gray & Noonan, for motion.

King & Leggett, opposed.

WHEELER, J. This action is brought for the ostensible purpose of reforming an alleged contract, and restraining the prosecution of an action based upon it in the City Court of Niagara Falls. The complaint and affidavits on which this injunction was granted disclose that the plaintiff purchased of the defendants a piano, and that the purchase price was $300, to be paid for in monthly installments, without interest. This agreement the parties undertook to evidence by a writing executed in duplicate upon printed forms furnished by the defendants. The printed form provided for the payment of interest, but, on presentation to the plaintiff for his signature, he objected to the interest clause as not expressing the agreement, and accordingly a pencil was drawn through that clause, and the duplicate agreement with this change given to him. It is alleged the other copy or duplicate of the written agreement by neglect or oversight was not changed, and is now in the possession of the defendant Poppenberg. The plaintiff alleges he has paid the $300 called for by the agreement, and by virtue of that payment the piano in question has become his absolute property. It is alleged, on the other hand, that the defendant, Poppenberg claims that by virtue of the agreement in his possession some $50 of interest remains unpaid, and by the terms of the agreement the piano is still his property, and that he has brought an action in the City Court of Niagara Falls to recover the possession of the piano. This action is therefore brought to reform the alleged agreement, and for a judgment declaring the plaintiff to be the owner of the piano, and to restrain the prosecution of the replevin action in the City Court. It is prosecuted on the theory that the plaintiff has no adequate remedy to protect his right in the action pending in the City Court of Niagara Falls, as that court has no equity jurisdiction. The defendant, on the other hand, contends that all the questions raised can be litigated properly in the City Court, and that, as the plaintiff has an adequate defense to the action in that court, the injunction in this action ought not to be continued. In this view this court concurs.

The question at issue, as disclosed by the motion papers, is simply whether or not the purchase price for the piano was to be paid with or without interest, and that question turns upon whether the duplicate copy of the agreement in the hands of the plaintiff or that in the hands of the defendant is the real agreement of the parties. In cases like the one now under consideration where supposed duplicate copies of one agreement differ as to some particulars, it is held that parol evidence is competent for the purpose of showing which of the two

papers embodies the real agreement of the parties. McNulty v. Prentice, 25 Barb. 204; Hill v. Miller, 76 N. Y. 32. It does not appear to be a question of reforming an instrument, but resolves itself into one of identification of the real and actual agreement of the parties. Consequently there is no need for the interposition of a court of equity, but the City Court has ample power to inquire into and decide whether the instrument in the hands of the plaintiff or that in the hands of the defendant was intended to be the agreement of the parties. There appears, therefore, to be no good reason why the differences of the parties should not be litigated and determined in the City Court. It is a well-recognized rule that suits in equity to restrain the prosecution of actions at law between the same parties will not be entertained where the questions in dispute can be disposed of in the action at law. Kelly v. Christal, 81 N. Y. 619; Savage v. Allen, 54 N. Y. 458.

These considerations lead this court to the decision that the preliminary injunction should be vacated.

Let such an order be entered, with $10, costs of motion.

---

(53 Misc. Rep. 443)

### CARMER v. STILL.

(Supreme Court, Special Term, Erie County. February, 1907.)

JUDGMENT—RES JUDICATA.

Where decedent assigned an interest in an estate to plaintiff, and subsequently assigned the same interest to defendant, and defendant had the first assignment set aside for fraud, and plaintiff subsequently procured a third assignment of the interest, reciting that the assignment of defendant was obtained through fraud, and authorizing plaintiff to sue to set it aside, the judgment setting aside the first assignment did not bar plaintiff's suit to set aside the assignment to defendant; plaintiff having been in no position to raise the question of fraud in that assignment in defense to defendant's action against him, but the judgment against plaintiff was conclusive only as to the first assignment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1104.]

Action by Grant D. Carmer against Jessie Still. Demurrer to complaint overruled.

E. W. Holt, for demurrer.
O. W. Nourse, opposed.

WHEELER, J. The action is brought to set aside an assignment of an interest in the estate of Lucina Miles to the defendant, and also to restrain the enforcement of a judgment recovered by the defendant against the plaintiff.

The situation presented is peculiar. It appears from the complaint that on June 15, 1904, Julia Trumble assigned to the plaintiff, Grant D. Carmer, all her interest in the estate of one Lucina Miles, deceased. Subsequently, and on or about the 28th day of September, 1905, Julia Trumble executed a second assignment of the same interest to Jessie Still. Thereupon Jessie Still, by virtue of this second assign-