No. 2,240.

SAMUEL C. HARDING, APPELLANT, *v.* ANN S. VANDEWATER, (Executrix of ROBERT J. VANDEWATER, deceased), RESPONDENT.

PRACTICE.—STATEMENT ON MOTION FOR A NEW TRIAL.—A statement on a motion for a new trial, which does not specify particularly wherein the evidence is insufficient to sustain the judgment, nor any error alleged to have occurred at the trial, is insufficient.

*Statement of Facts.*

CORPORATION.—SPECIAL MEETING OF TRUSTEES.—In the absence of a different provision in the charter or by-laws of a corporation formed under the general laws of this State, a special meeting of the Trustees must be called by giving personal notice to each member of the Board of Trustees.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

This action was commenced against Robert J. Vande-water in his lifetime, to recover six thousand dollars and interest alleged to be due upon a promissory note made by him, and payable to the order of the Real del Monte Consolidated Gold and Silver Mining Company. While the action was pending, Vandewater died, leaving his wife, Ann Sophia Vandewater, sole executrix. The claim against the estate involved in this action was presented to the executrix, and by her rejected. The action was duly revived against her, and she appeared and defended, adopting as her own the answer filed by her testator.

The promissory note set forth in the complaint, was made and delivered to the said corporation in payment of an assessment of twenty dollars per share, on three hundred shares of the capital stock of the corporation; which assessment was due at the date of the note.

At the special meeting of the Board of Trustees which adopted the resolution levying the assessment, in payment of which said note was made and delivered, only seven of the nine Trustees composing the Board were present, and there was no proof of any notice of the meeting being given to the two absent Trustees.

The note was afterwards indorsed and delivered by the corporation to one Alexander Gamble, who afterwards endorsed and delivered it to the plaintiff.

The case was tried by the Court without a jury. Judgment was for defendant, and plaintiff moved for a new trial, which was denied, and from the judgment and the order denying a new trial the plaintiff appeals.

The other facts are stated in the opinion.

*Wilson & Crittenden,* for Appellant.

The assessment was legally levied.

If notice to all the Trustees was requisite, it is to be presumed; and the testimony of the Secretary, that, on occasions of special meetings of the Trustees, it was his custom to go around town and notify only such Trustees as he could conveniently find, in number sufficient to form a quorum, was not sufficient to overcome this presumption. *(Sargent* v. *Webster,* 15 Metc. 504.) But notice to all was not required.

This corporation was formed under the Act of April 14th, 1853, "to provide for the formation of corporations for certain purposes," and this assessment was levied under the provisions of that Act, which is complete in itself, and not subject to the general provisions of the Corporation Act of 1850; (Hittell's Dig. 932 to 958.) We need not, therefore, look outside the Act of 1853 to ascertain in whom the corporate power was vested and how it was to be exercised. That Act was the charter of this corporation.

The fifth section of the Act provides that "the corporate powers of the corporation shall be exercised by a Board of not less than three Trustees, who shall be stockholders" etc., and then proceeds to declare when and how the Trustees shall be elected, and how vacancies shall be filled.

The seventh section provides that "a majority of the whole number of Trustees shall form a Board for the transaction of business, and every decision of a majority of the persons duly assembled as a Board, shall be valid as a corporate act."

The wording of this last section is peculiar, and would seem to have been specially adapted with a view to facilitate the transaction of business by dispensing with the necessity of summoning every member of the Board to attend its meetings. It does not say that a majority of the whole number of Trustees shall be a *quorum,* but that such a majority shall *constitute a Board;* in other words, that the whole corporate authority shall be vested in a Board of

such a majority, and the decision of a majority of those duly assembled as a Board shall be valid. The words "duly assembled as a Board," mean not assembled under notice to the whole number of Trustees, for that would be inconsistent with the rest of the clause, but assembled and met together for consultation and action as a Board, for otherwise, under this section the separate and individual consent and concurrence of a majority of the whole number of Trustees, without any meeting at all, might be valid as a corporate act.

The intention of the fifth section, so far as it relates to number, was merely to prohibit the formation of a corporation with a smaller number of Trustees than three, upon the idea, no doubt, that at least that number would be required to represent possibly conflicting interests of stockholders, and to properly conduct the business of a corporation. So far as the present question is concerned, the case would not be altered if this section had said that the powers of the corporation should reside in such number of Trustees as the stockholders might think advisable.

Its sole object was to define the number of Trustees essential to the existence of the corporation, leaving the number to be fixed by the stockholders in their discretion. This limitation of number being given, the seventh section proceeds to declare that whatever be the number of Trustees above three, a majority of that number should constitute the Board, and represent the corporation whenever such a majority should meet together as a Board; and the majority of those present should decide for the whole Board.

Applied to the present case, this law says there shall be nine Trustees of the Real del Monte Company, but five of them when assembled as such, shall constitute the Board of Trustees, and three of the five shall have power to decide.

Our statute in this respect is peculiar. It introduces a new rule to which the numerous decisions found in the books have no application. And it is a convenient and safe rule, one almost essential for the transaction of the business of corporations in this State. To apply to our cor-

porations, especially to those engaged in mining, what is contended to be the common law rule upon this subject, that all the Trustees must attend, or at least be regularly notified, would make it almost impossible for them to transact any business. The case of *Edgerly* v. *Emerson* ( 3 Foster, N. H. 566,) involved what seems to be the very question here, and was decided in accordance with the views we have suggested as to the proper construction of our statutes.

*Delos Lake,* for Respondent.

The question is whether an assessment made at a special meeting of the Trustees of a private corporation be valid, when the meeting was attended by only seven out of nine of the Trustees, the other two Trustees not attending and not having notice of such meeting.

Our statutes leave the question to be decided on general principles, for they do not determine what shall constitute under certain circumstances, a " Board of Trustees," or a " Board," or " the persons duly assembled as a Board." ( See, Stats. 1865–6, p. 458, Secs. 1. and 3; Section 5. of the General Statute concerning corporations, I Hitt. Dig. Art. 750; Sec. 7 of Mining etc. Id. Art. 938.)

These are the only sections which appear to have any, even the most remote, bearing on the question.

"The rule applicable to municipal corporations, namely: that all corporate affairs must be transacted at an assembly convened upon due notice, at a proper time and place, consisting of the proper number of persons, the proper officers, classes, etc., will, in general, apply to private corporations." (Angell and Ames on Corporations, Sec. 488, Eighth Edition.) And it is said in the same section: "The presumption is, that every member knows what days and times are appointed by the charter, by-laws or by usage, for the transaction of particular business, and therefore, no special notice is requisite for assembling to transact the business generally allotted for such days;" thereby clearly implying that if the business be other than the ordinary business to

be transacted at a meeting other than a stated meeting, notice must be given to all the persons who are entitled to take a part in such meeting.

As the statute does not specify any particular manner of giving notice, the common law mode must undoubtedly be pursued; that is, personal notice must be given to each Trustee. According to Lord Kenyon, "Special notice must be given to every member who has a right to vote." (Angell and Ames on Corporations, Sec. 492, note 2. See also the text of the same Section, and Secs. 494, and 496. Wilcox on Corporations, Sec. 58. *People* v. *Batchelor*, 22 N. Y. 128; *Rex* v. *Doncaster*, 2 Burr, 744; *The King* v. *Theodorick*, 8 East. 543; *Rex* v. *Mayor, &c. of Carlisle*, 1 Strange, 385; *Rex* v. *Mayor, &c. of Shrewsbury*, Rep. temp. Hardw. 151; *The King* v. *Wake*, 1 Barnard, 80; *King* v. *The Co. of Fishermen of Feversham*, 8 Ferm Rep. 352–356; *Rex* v. *May*, 5 Burr, 2, 681–2; *People* v. *Peck*, 11 Wend. 604: *The King* v. *Gabarian*, 11 East. 77; *The American Bank* v. *Baker*, 4 Met. 164.)

If the assessment was void, then a promissory note given for such assessment is also void for want of, or failure of, consideration.

It is elementary law that, as between the original parties, the consideration of a promissory note may be inquired into, and if there is a want of consideration it cannot be enforced; and that such defense is equally available against a holder to whom the note is transferred after it has become due, or with a knowledge of the want of consideration. (Chitty on Bills, 79 and note; *Parsons* v. *Gaylords, Admx.* 3 John. 463; *Tappan* v. *Van Wagener*, Id. 463; *Schoonmaker* v. *Roosa*, 17 Id. 300; *Petry* v. *Christy*, 19 Id. 53; *Bank of Troy* v. *Tapping*, 9 Wend. 274.)

TEMPLE, J., delivered the opinion of the Court, CROCKETT, J., RHODES, C. J., and SPRAGUE, J., concurring:

The statement on motion for a new trial, does not specify particularly wherein the evidence is insufficient to sustain the judgment, nor does it specify any error alleged to have

occurred at the trial. The only specifications of error are:

*First*—That the decision of the Court is against law.

*Second*—That upon the facts and evidence, the Court should have rendered its decision in favor of plaintiff.

This is clearly insufficient, as was held in *Brumagim* v. *Bradshaw*, (39 Cal. 24.)

If we could regard the statement, however, we are still of the opinion that the judgment must be affirmed.

The order levying the assessment, for which the note of Vandewater was given, was made at a special meeting of the Trustees, and there appears to be no substantial conflict in the authorities upon the proposition that, when there is no different provision in the charter or by-laws of a corporation, such meetings must be called by giving personal notice to each member of the Board of Trustees. The fifth section of the Act of 1853 (Statutes 1853, p. 281), which provides that a majority of the whole number of the Trustees shall form a Board for the transaction of business, and every decision of a majority of the persons duly assembled as a Board shall be valid, etc., does not change the rule. The question as to when they shall be considered as *duly assembled* is not settled by the statute.

The judgment and order are affirmed.

By WALLACE, J.: I concur in the affirmance of the judgment on the ground of the insufficiency of the specifications of error; upon the other points discussed, I express no opinion.