THE BROOKLYN CROSSTOWN RAILROAD COMPANY, Respondent, *v.* DEMAS STRONG, Appellant.

In an action to recover damages for the alleged fraudulent issuing by defendant of a certificate for fifty shares of plaintiff's stock, he filling up a blank certificate which had been intrusted to him as plaintiff's treasurer, defendant testified that the stock was given to him by bondholders of the company who were entitled thereto. Defendant was also a director of the plaintiff. *Held,* that the jury were not bound by defendant's testimony although undisputed, he being an interested witness, and it not appearing that he disclosed the gift to plaintiff's directors, or claimed that he was equitably entitled to the stock when disputes arose concerning the transaction.

Also, *held,* that even if the creditors of the plaintiff were willing to waive their right if any to the stock, he, while acting for plaintiff, must be held to have received the waiver as agent for it and not for his own benefit.

Defendant was notified soon after the transaction that plaintiff would not acquiesce in the transfer ; he was a large, if not a controlling, stockholder as well as director ; while he remained such no action was taken against him, and an adverse report of an investigating committee of the directors was not acted upon ; meanwhile the stock passed into the hands of a *bona fide* purchaser. *Held,* that the delay to prosecute was not, under the circumstances, a waiver of the right of action, and that plaintiff was not estopped from recovering damages for the fraud.

(Argued October 2, 1878 ; decided November 12, 1878.)

THIS action was brought against defendant for the alleged fraudulent issue of a certificate for fifty shares of plaintiff's stock.

The complaint alleged in substance, and plaintiff's evidence tended to show, that defendant was, at the time of the issuing of the stock, a director of the plaintiff and its treasurer ; that plaintiff's president intending to be absent a short time signed and left with defendant several blank certificates of stock, to be used by him in case any of the stockholders desired to transfer their stock during the absence of the president ; that defendant with intent to defraud plaintiff filled up one of the blanks so that it appeared a valid certificate for fifty shares of plaintiff's stock owned by one Maddox and delivered the same to said Maddox ; that defendant caused the certificate to be assigned by Maddox to one Annfield, and caused a new certificate to be issued to the latter, etc. ; that Maddox was

not entitled to, paid plaintiff nothing for the stock, etc. Defendant, as a witness in his own behalf testified, in substance, that certain bondholders of the corporation who were entitled to the stock gave it to defendant, and that he issued it to Maddox in payment for services rendered by the latter before the organization of the company in procuring the passage of the statute under which the organization was affected. It did not appear that defendant disclosed the alleged gift to the other directors of the company either before the issue of the stock to Maddox, or that during any of the subsequent disputes concerning the transaction he claimed that it was equitably his. *Held*, as above, the court citing *Elwood* v. *Western Union Tel. Co.* (45 N. Y., 549, 554); *Kavanagh* v. *Wilson* (70 id., 177).

It appeared that defendant declared at the time of the organization of the company that there were no claims against it arising out of previous transactions, and no bill was ever presented by Maddox or acknowledged by plaintiff. *Held*, that the evidence authorized a finding that plaintiff owed nothing to Maddox.

Various other questions were disposed of on the ground that no proper exceptions presenting them appeared on the record.

It appeared that defendant was notified soon after the transaction that plaintiff would not acquiesce in the transfer, an adverse report of an investigating committee of plaintiff's directors was made thereon, but it was not acted upon, and no action was taken while defendant remained a director and a large stockholder, meanwhile the stock passed into the hands of a *bona fide* purchaser. *Held*, that the delay to prosecute was not, under the circumstances, a waiver of the cause of action, and did not estop plaintiff from prosecuting the action, it being not for rescission but to recover damages for the fraud.

*John H. Bergen* for appellant.

*Robert Sewell* for respondent.

HAND, J., reads for affirmance.

All concur, MILLER and EARL, JJ., absent at argument. Judgment affirmed.