Van Vorst, J.
The learned counsel for the plaintiff, in his brief and argument submitted, subjects the action of the trustees of the plaintiff corporation, in donating to the defendant Reed all the shares of stock owned by the corporation, to severe criticism. The trustees occupied a fiduciary position, and as far as the defendant Reed was concerned, being himself a trustee, he was prohibited from acting in his own favor upon a resolution donating to himself the property of the corporation, although he had rendered services to the corporation as president, for which he had received no salary, and had paid out moneys in its behalf. ¡No salary had been theretofore affixed to the office, and the amount of his disbursements for the corporation was not stated in the resolution and do not appear to have been adjusted in an orderly way. A trustee, whose attendance is necessary to make a quorum, cannot act upon a claim in his own favor to bind the corporation, and by his presence he thus acted. And such a transaction could be at once assailed in a court of equity, and would be set aside in a suit brought by the corporation, or in the event of its unwillingness to proceed, at the instance of the stockholders interested at the time. These conclusions are amply sustained by authority in this state (Dunscombe agt. N. Y. H. and N. R. R. Co., 84 N. Y, 190; Butts agt. Wood, 37 N. Y., 317; Coleman agt. Second Ave. R. R. Co., 38 N. Y., 201). But such conduct and action on the part of the trustees of a corporation may, with knowledge thereof, be acquiesced in and accepted by the corporation and the stockholders, in which event they could not afterwards assail it, especially when such acquiescence has continued for several years, and the stock donated has been actually received by the donee, and has formed the subject of new engagements and liability on his part with others.
The resolution donating this stock was passed on the 16th day of September, 1879, as the minutes of the trustees shows, and the stock immediately passed to Reed. ¡Neither the corporation itself nor any stockholder made any objection at the *255 time, and failed altogether to take any action adversely to it until this suit was brought, in November, 1884, more than five years after Reed received the stock in pursuance of the resolution. Randall, who was a stockholder and also a trustee, was not present at the meeting when the stock was donated to Reed. He has testified that he received no'notice of this meeting. A notice was, however, prepared by Reed to be mailed to him, and was given to a messenger for that purpose. Whether actually mailed does not appear. Under the evidence he received no notice. Bradley was a trustee, although Reed believed he was not. Whether or not he was notified of this meeting does not appear. He did not attend. Randall was, however, afterwards informed of the resolution and he approved of it.
On the 16th day of August, 1880, an agreement in writing was entered into between the defendant Reed, as a party of the first part, the plaintiff corporation of the second part and Ezra A. Hoyt of the third part. By this agreement Reed, amongst other things, sold to Hoyt 4,500 shares of the stock of the plaintiff corporation, which amounts included the shares donated to Reed by the resolution above mentioned. It was a part of this agreement that the resignation of the three trustees should be obtained, and that the control of the corporation should substantially fall into the hands of Hoyt and such trustees as he should designate. Hoyt became president of the corporation in 1880, and a majority of the trustees was of his selection, and he and they assumed the management of the corporation. How soon he became actually acquainted with the fact of the passage of the resolution in 1879 does not distinctly appear. The book containing the minutes of the trustees was under his control. He had, however, applied to Reed, and had obtained from him extensions of time in which to pay installments upon the purchase of Reed’s stock. Early in January, 1881, he first called Reed’s attention to the resolution of the trustees in question, and said in substance that it was not right, and he added, “ I can bring that up if I *256 want to,” to which Reed replied “ that he might bring it up.” Hoyt then said, “I want you to put off the payment"of this, and I will not bring it up.” Hoyt, however, did not bring up the subject. After this he attempted to sell the shares he had purchased from Reed to others. Randall also co-operated with Hoyt in endeavoring to sell the stock purchased from Reed.
These acts amount to an acquiescence in the lawfulness of the title of Reed to this stock on the part of those engaged therein. The corporation itself was a party to the agreement by which Reed sold the stock to Hoyt. That is an acquiescence on its part as to his right to sell these shares standing in his name on the books of the corporation. Hoyt and his management acquiesced for years, until, for reasons personal to himself, this action was directed to be brought in 1884. Hoyt has been prosecuted by Reed for the balance remaining due on his agreement for the purchase of these shares. The company itself has become bankrupt and has passed into the hands of a receiver. It is too late after such long acquiescence for the corporation to recede. The stockholders at the time have not objected. At least they have remained silent. That amounts to acquiescence, after such lapse of time.
As to stockholders buying into the corporation afterwards, they certainly cannot impeach a transaction consummated and ratified by the corporation before they acquired title to their stock. Acts which are not “per se ” illegal or “malumprohibitum,]' but which are ultra vires, affecting, however, the interests of stockholders only, may be made good by the assent of stockholders (Kent agt. Quicksilver Mining Co., 78 N. Y., 159 ; Sheldon H. B. Co. agt. Eickmyer H. B. Co., 90 N. Y., 607; Hoyt agt. Thompson, Exrs., 19 N. Y., 208). And when stockholders neglect to promptly and actively condemn the unauthorized act of the trustees, and to seek judicial relief, they will be deemed to have acquiesced in it, and an unconscionable agreement will not be disturbed when there has been a ratification of it after time has been had for consideration (Kent agt. Quicksilver Mining Co., supra).
*257 After considering the questions raised, and upon all the facts appearing in evidence, there must be judgment for the defendants dismissing the plaintiffs’ complaint, with costs.