## BARRETT v. DOLAN.

1. **Animals:** TRESPASSING: ASSESSMENT OF DAMAGES BY TOWNSHIP TRUSTEES: ALL MUST BE NOTIFIED. When power is conferred on three or more persons to do an act, and notice to such persons is required, all must be notified, if possible, although, when duly notified, a majority may act. (See cases cited in opinion.) Accordingly, *held* that an appraisement by two of the township trustees, of the damages done by trespassing animals, under Code, § 1454, was void, where no attempt was made to notify the other trustee.

2. **Fences:** DIVISION FENCE: OBLIGATION TO MAINTAIN: HERD LAW. Where at defendant's solicitation, after the herd law had been adopted, the township trustees were called together and apportioned the division fence between him and plaintiff, and both parties acquiesced in the apportionment and erected the fence accordingly, *held* that defendant could not afterwards, of his own motion, relieve himself of the obligation to keep his portion of the fence in repair.

*Appeal from Cass District Court.*

MONDAY, MARCH 7.

ACTION to recover possession of specific personal property consisting of certain cattle. The defendant justified the taking on the ground that the cattle were trespassing on his premises, that he had distrained them, that he had had his

damages assessed by the proper authorities, and was entitled to the possession of the cattle until such damages were paid. Trial by jury, judgment for the plaintiff, and defendant appeals.

*L. L. DeLano*, for appellant.

*Willard & Fletcher*, for appellee.

SEEVERS, J.—I. The theory of the defendant is that certain cattle, belonging to an unknown owner, were trespassing on his premises, that he distrained or took them into his possession, and caused his damages to be assessed by the township trustees. Upon the objection of the plaintiff, the court refused to permit evidence as to what the trustees did to be introduced as evidence, on the ground that they had not been legally convoked or called together. It is provided by statute that, when stock has been distrained, the person doing so "shall, within twenty-four hours thereafter, notify the township trustees to be and appear upon the premises to view and assess the damages.    *    *    *    And when two or more trustees have assembled they shall proceed to view and assess the damages, and the amount to be paid for keeping said stock." Code, § 1454. There were three trustees, and one of them was not notified of the meeting, although he was at his residence in the township, and he took no part in the assessment of the damages. Such assessment was made by the other two trustees; and we are required to determine whether it was legally made or void. The statute in express terms requires the trustees to be notified of the meeting. This means all, not a part of them. Such a notice is of a jurisdictional character. Until it is given, there is no power to act. It is well settled, we think, both on principle and authority, that, when power is conferred on three or more persons to do an act, and notice to such persons is required, all must be notified, although, when

*1. ANIMALS: trespassing: assessment of damages by township trustees: all must be notified.*

duly notified, a majority may act. *People v. Batchelor*, 22 N. Y., 128; *Harding v. Vandewater*, 40 Cal., 77; *Wiggin v. Freewill Baptist Church*, 8 Metc., 301; *Smyth v. Darley*, 2 H. L. Cas., 769. It may be that, when one of such persons is absent so that he cannot be notified, a different rule may prevail. The court did not err in refusing to admit as evidence the assessment of damages made as above stated.

II. The plaintiff and defendant occupied adjoining farms. In 1874 the herd law was adopted, and has been in force since that time. In 1877, at the request of the defendant, the township trustees met and apportioned the division fence between him and the plaintiff, and a fence was erected in accordance with such apportionment. In 1884 the fence had become dilapidated, and needed repairing. The trustees were called together at the instance of the plaintiff, as we understand, to make some order as to repairing it. The defendant declined to repair that part of the fence which had been previously assigned to him, and caused the plaintiff to be notified that he did not want such a fence, and that the plaintiff could repair it if he desired to do so. To some extent the plaintiff did so. The theory of the plaintiff is that the cattle were lawfully upon his own premises, and escaped therefrom because that portion of the division fence which it was the defendant's duty to erect and keep in repair, as directed by the trustees in 1877, was out of repair, and therefore the defendant could not lawfully distrain the cattle. The court, in substance, so instructed the jury, and we are required to determine whether it erred in this respect. The apportionment was made after the adoption of the herd law at the instance of the defendant, and both parties acquiesced therein and erected the fence. The defendant cannot now, upon his own motion, relieve himself from the obligation thus imposed. Until so relieved by the plaintiff, or possibly by the action of the trustees, it is his duty to maintain the portion of the fence so allotted to him. The fact that the

2. FENCES: division fence: obligation to maintain: herd law.

plaintiff voluntarily to some extent did what the defendant. was obligated to do, cannot have the effect to relieve the latter. We think the instructions of the court are right, and that the judgment must be

AFFIRMED.