[*Sac. No. 680. Department One.—October 29, 1900.*]

R. A. CURTIN, Respondent, v. SALMON RIVER HYDRAULIC GOLD MINING AND DITCH COMPANY, Appellant.

CORPORATIONS—SPECIAL MEETING OF DIRECTORS—NOTICE—INVALID MEETING.—Where the by-laws of a corporation do not designate the person by whom notice of a special meeting of the board of directors is to be given, the requirements of section 320 of the Civil Code apply, and the notice must be given by the secretary; and the acts of a mere majority of the directors present at a special meeting, of which no such notice was given to the absentees, and the minutes of which were never subsequently ratified as required by the by-laws, are not valid acts of the corporation.

ID.—QUORUM—DIRECTOR INTERESTED IN TRANSACTION.—The provision of section 308 of the Civil Code, to the effect that a majority of the directors of a corporation is a sufficient number to form a board for the transaction of business, is to be construed in connection with the provision of section 305 of that code, to the effect that unless a quorum of the board is present and acting, no business performed or act done is valid as against the corporation; and each of these provisions is limited by the principle that a director shall not participate in any act in which his personal interest is antagonistic to that of the corporation.

ID.—MORTGAGE TO INTERESTED DIRECTOR.—A meeting of the directors of a corporation, at which there is a mere majority of the members of the board, cannot authorize the execution of the cor-

porate note and mortgage to one of the directors present, as security for a past indebtedness due to him from it. And it is immaterial whether the director personally interested· did or did not vote for the resolution authorizing such action.

Id.—Mining Corporation—Ratification of Invalid Mortgage.—The stockholders of a mining corporation, organized under the laws of the state of California, have no power under the provisions of the act of April 23, 1880, to ratify an attempted mortgage of the mining property of the corporation, which is invalid by reason of a want of authorization of the board of directors.

APPEAL from a judgment of the Superior Court of Siskiyou County and from an order denying a new trial. J. S. Beard, Judge.

The facts are stated in the opinion of the court.

J. P. O'Brien, for Appellant.

J. B. Curtin, for Respondent.

HARRISON, J.—This action was brought for the foreclosure of a mortgage upon certain mining property, executed to the plaintiff's assignor by the president and secretary of the defendant. The defendant denied its execution of the note and mortgage, and upon this issue the court found in favor of the plaintiff and rendered judgment accordingly. The defendant moved for a new trial upon the ground that the decision was not sustained by the evidence, and, this motion having been denied, has taken this appeal.

The defendant is a mining corporation organized under the laws of this state, having a capital stock of one hundred thousand shares, and is controlled and managed by a board of five directors. The promissory note and mortgage upon which the action was brought were executed to Thomas W. Wells, the assignor of the plaintiff, July 24, 1897. Wells had previously advanced moneys to the defendant, and had taken therefor its promissory note for five thousand dollars, all of which, together with eleven hundred and twenty-five dollars of interest thereon, was then unpaid, and he had also, subsequent to the execution of said note, advanced to it the further sum of seven hundred and sixty dollars. The note and

mortgage were executed in pursuance of the following resolution which had been adopted on the previous day at a special meeting of the board of directors, at which there were present only three of the directors, of whom Wells was one:

"Resolved, that this corporation will borrow from Thomas W. Wells the sum of nine thousand five hundred dollars and execute its promissory note therefor, and that the president and secretary of this corporation be and they are hereby authorized for and on behalf of this corporation to execute said promissory note, payable three months after date, and that said corporation secure the payment of its promissory note for the sum aforesaid by a mortgage on all the property owned by this corporation.

"The above loan is for the purpose of paying note and interest held by Thomas W. Wells, and for moneys advanced to protect overdrafts." .

The first objection made by the appellant to the validity of the mortgage is that the meeting at which its execution was directed was a special meeting, and that the directors there present were not "duly assembled," and, therefore, could not perform any corporate act. Section 303 of the Civil Code, authorizes a corporation by its by-laws to provide for "the time, place, and manner of calling and conducting its meetings,". and section 320 of the Civil Code provides that when no provision is made in the by-laws for the mode of calling special meetings "all meetings must be called by special notice, in writing, to be given to each director by the secretary on the order of the president, or, if there be none, on the order of two directors." It is provided in the by-laws of the defendant that "the president or two of the directors may call special meetings of the directors at any time, and notice shall be given of such called meeting by leaving a written or printed notice at the last known place of business or of residence of each director at least one day before the time of meeting. Such service of notice shall be entered on the minutes of the corporation, and the said minutes, upon being read and approved at a subsequent meeting of the board, shall be conclusive upon the question of service." This by-law embodies the provision of section 320 in so far as it designates the persons who are authorized to call a special meeting, but

as it does not designate the person by whom the notice is to be given, such notice must be given by the secretary as provided in the section. It was shown by the testimony of the secretary that no notice of the meeting was given to either of the two directors who were absent therefrom, and the minutes of the corporation contain no entry of the service of any notice of the meeting, nor were the minutes of that meeting ever approved at any subsequent meeting of the board of directors. Under well-settled rules it must be held that the directors present at that meeting could not perform any valid corporate act. (*Harding v. Vandewater*, 40 Cal. 77; *Thompson v. Williams*, 76 Cal. 153[1]; *Smith v. Dorn*, 96 Cal. 73; *Pauly v. Pauly*, 107 Cal. 8.[2])

The respondent does not, in his brief, present any argument in support of the regularity of this meeting, but contends that, notwithstanding this infirmity, the note and mortgage created an obligation on the defendant, by reason of having been authorized at a meeting at which a majority of the directors were present, and the subsequent ratification thereof by two-thirds of the stockholders.

The respondent relies upon the following provision of section 308 of the Civil Code: "A majority of the directors is a sufficient number to form a board for the transaction of business, and every decision of a majority of the directors forming such board, made when duly assembled, is valid as a corporate act." Under his construction of this provision it is immaterial whether Wells abstained from voting, or even voted against the resolution. Such construction would, however, enable an interested director to accomplish by indirection what the policy of the law forbids him from doing. It does not appear, either from the minutes of the board or by any testimony in the case, whether Wells voted for the resolution or not. Although he was director of the corporation, yet he was disqualified from voting, or in any mode acting in his official capacity as a director, for the purpose of creating an obligation of the defendant in his own favor. (*Wickersham v. Crittenden*, 93 Cal. 17.) As was said in this case: "So strictly is this principle adhered to that no question is allowed to be

---

[1] 9 Am. St. Rep. 187.        [2] 48 Am. St. Rep. 98.

raised as to the fairness or unfairness of the contract so entered into"; and in *Shakespear v. Smith,* 77 Cal. 640,[3] this court said: "In such cases the court will not pause to inquire whether a trustee has acted fairly or unfairly; being interested in the subject matter, he may not as a trustee deal with himself and thus be subjected to the temptation to advance his own interests."

The same rules which preclude an interested director from uniting with other directors in the creation of an obligation in favor of himself by his vote forbid him from uniting with them in creating such obligation by any act or exercise of his official position, and a meeting at which there is not a majority of the directors, exclusive of such interested director, is not a competent board for the transaction of any corporate business. Section 305 of the Civil Code declares: "Unless a quorum is present *and acting,* no business performed or act done is valid as against the corporation." The above provision of section 308 must be read in connection with this provision of section 305, and both are limited by the principle that a director shall not participate in any act in which his personal interest is antagonistic to that of the corporation. By reason of the disqualification of Wells from taking any part in passing the resolution for executing the note and mortgage to himself, he could neither vote in favor of the resolution, nor by his presence help to create a quorum by which the other two directors could adopt it. For the purpose of any action upon this resolution he was as much a stranger to the board as if he had never been elected a director, and, although he may have been physically present in the room with the other two directors, he was not for that purpose a component part of the board, any more than would have been any other bystander, and there was not, therefore, a quorum of the board "present and acting" at the time the resolution was adopted.

In *Jones v. Morrison,* 31 Minn. 140, it was held that a director of a corporation "cannot properly act on or form part of a quorum to act" on a proposition to increase his compensation. In *Van Hook v. Somerville Mfg. Co.,* 5 N. J. Eq. 137, 169,

---

[3] 11 Am. St. Rep. 327.

the chancellor said that a member of a corporation contracting with it is regarded, as to that contract, as a stranger; and held that, as the corporation was managed by five directors, one director could not, with two others, constitute a board to vote a mortgage from the company to himself. This case was afterward reversed upon other grounds, but no dissent from this rule was expressed. In *Copeland v. Johnson Mfg. Co.*, 47 Hun, 235, where the corporation was governed by a board of five trustees, it was held that an agreement made by it in favor of its president, under the authority of a vote of himself and two other trustees, was invalid. Under a similar state of facts in *Butts v. Wood*, 37 N. Y. 317, the court held that the board as thus constituted had no authority to entertain a bill in favor of one of its members, or to do anything in relation to it; that the claimant was disqualified from acting because he could not deal with himself, "and without him there was no quorum of the directors and they had no authority to transact business." In *United States Ice Co. v. Reed*, 2 How. Pr. 253, the court said: "A trustee whose attendance is necessary to make a quorum cannot act upon a claim in his own favor to bind the corporation, and by his presence he thus acted." The reasoning of the court in its opinion in *Buell v. Buckingham*, 16 Iowa, 284,[4] cited on behalf of the respondent, does not commend itself to our judgment. In New York it has been held that, where an interested director takes part in the passage of the resolution, the corporate act is vitiated whether his vote was essential to its adoption or not. (*Anderton v. Aronson*, 3 How. Pr. 216; *Ashley v. Kinnan*, 2 N. Y. Supp. 574; *Metropolitan Elevated Ry. Co. v. Manhattan Ry. Co.*, 14 Abb. N. C. 103.) A contrary rule seems to prevail in Missouri. (*Foster v. Mullanphy Planing Mill Co.*, 92 Mo. 79.) It is unnecessary, however, in this case to decide which of these rules is correct, inasmuch as, if Wells was not properly a member of the board at this meeting, there was no quorum to act upon the resolution.

After the president and secretary of the corporation had executed the note and mortgage an instrument was signed by the holders and owners of more than two-thirds of the capital stock of the defendant, by which they purported to ratify

---

[4] 85 Am. Dec. 516.

and approve the said mortgage, and it is contended by the plaintiff that under the provisions of the act of April 23, 1880 (Stats. 1880, p. 131), the mortgage thereby became valid and binding upon the defendant.

Section 1 of that act is as follows: "It shall not be lawful for the directors of any mining corporation to sell, lease, mortgage, or otherwise dispose of the whole or any part of the mining ground owned or held by such corporation, nor to purchase or obtain in any way any additional mining ground, unless such act be ratified by the holders of at least two-thirds of the capital stock of such corporation." This section does not confer upon the stockholders any power to mortgage the property of the corporation, or to authorize the directors to mortgage it, and it is a familiar rule that ratification cannot give effect to an unauthorized or invalid act, unless the person or body making the ratification could in the first instance have authorized the act. The corporate power and business of the corporation must be exercised by the board of directors (Civ. Code, sec. 305), and the stockholders cannot, by their own act, mortgage its property. (*Gashwiler v. Willis*, 33 Cal. 11.[5]) Any mortgage, to be effective, must be made by the board of directors, but under the provisions of the above act of 1880 the consent of two-thirds of the stockholders is requisite to its validity. The stockholders are thus made a component part of the power to make a mortgage effective, but cannot, by any act of their own, make a mortgage, or validate one that has not been previously authorized and executed by the board of directors.

Whether the defendant would be estopped from contesting the claim of the plaintiff to recover the moneys advanced to it by him is not involved herein. The plaintiff seeks by this action the sale of the defendant's property in payment of the note held by him, but, unless the defendant has created a lien upon the property, the plaintiff cannot maintain the present action for compelling its sale.

The judgment and order denying a new trial are reversed.

Van Dyke, J., and Garoutte, J., concurred.

Hearing in Bank denied.

[5] 91 Am. Dec. 607.