Argued December 4, modified December 22, 1914.

## BURTON *v.* LITHIC MFG. CO.*

(144 Pac. 1149.)

**Appeal and Error—Findings of Trial Court—Conclusiveness.**

1.   The findings of the trial court have the same force and effect as a verdict, so that the only question on appeal is whether there is any competent evidence to support the findings.

**Corporations—Board of Directors—Quorum.**

2.   Where there are unfilled vacancies in the board of directors of a corporation, the quorum is a majority of the entire board, as if all

---

*On the question as to what constitutes a unanimous or a majority vote of directors, see note in 41 L. R. A. (N. S.) 130.     REPORTER.

vacancies were filled, within the by-laws of the corporation, in conformity with Section 6693, L. O. L., declaring that the majority of the directors shall constitute a quorum to transact business.

> [As to requirement that vote be unanimous as satisfied by unanimous vote of those present, constituting a quorum, see note in Ann. Cas. 1913E, 1295.]

### Corporations—Board of Directors—Quorum of Board of Directors.

3. A quorum of the board of directors of a corporation cannot be formed by the presence of an interested director, so as to authorize or ratify any action taken in his favor.

### Corporations—Directors—Compensation.

4. An officer of a corporation who performs services outside those imposed on him by virtue of his office is entitled to compensation.

### Corporations—Officers—Compensation—Ratification.

5. A corporation paying an officer compensation for services rendered outside the duties imposed on him by virtue of his office does not thereby ratify a continuous payment of the same compensation under changed conditions.

> [As to right of officers of corporation to compensation for their services, see note in 136 Am. St. Rep. 909.]

### Corporations—Directors—Capacity of Directors.

6. A director of a corporation interested in the passage of a resolution fixing compensation for services to be rendered by him cannot act for himself without the knowledge and assent of the corporation.

### Principal and Agent—Acts of Agent—Validity.

7. The acts of an agent in dealing with the subject matter of his agency confided to his care are scrutinized by the court, and may be set aside on slight grounds.

### Appeal and Error—Disposition of Case on Appeal.

8. Where, in an action by the president of a corporation for salary at $50 per month, the only valid resolution fixing a salary provided for a salary at $25 per month, and the evidence in the case was complete, the Supreme Court on appeal must, as required by Article VII, Section 3, of the Constitution, render judgment for $25 per month.

From Multnomah: JOHN P. KAVANAUGH, Judge.

This is an action by plaintiff, C. L. Burton, against the defendant, Lithic Manufacturing Company, a corporation, to recover his salary for 13 months as president of the corporation at $50 per month. The cause was tried by the court without the intervention of a

jury, and a judgment rendered in favor of the plaintiff, from which the defendant appeals.

The facts are set out in the opinion of the court.

MODIFIED.

For appellant there was a brief over the names of *Mr. A. H. McCurtain* and *Messrs. Bauer & Greene,* with an oral argument by *Mr. McCurtain.*

For respondent there was a brief over the name of *Messrs. Beckman & Rondeau,* with an oral argument by *Mr. F. P. Rondeau.*

Department 2. MR. JUSTICE BEAN delivered the opinion of the court.

It appears from the pleadings and record that the plaintiff was elected president of the company about January 31, 1911, and served until March 3, 1913; that until August 28, 1911, he was paid a salary of $25 per month. On this date a meeting of the directors of the corporation was held at the office of the company at which the following resolution was passed:

"On motion of Mr. Schiffer it was seconded and carried that the salary of the president be raised from $25.00 to $50.00 per month."

It appears from Article II, Section 1, of the by-laws of the corporation, which were introduced in evidence, that the board of directors shall consist of five stockholders and be elected annually. Article II of Section 5 provides as follows:

"The majority of the directors shall constitute a quorum at all meetings of the board. * * *"

Section 9 of the same article reads thus:

"A majority of the directors is a sufficient number to form a board for the transaction of business and

every decision of a majority of directors forming such board, made when duly assembled, is valid as a corporate act.''

This is in conformity with Section 6693, L. O. L. Three directors were therefore necessary to constitute a quorum to transact business for the corporation in order to comply with the by-laws. Prior to the meeting of the board, August 28, 1911, two of the directors of the corporation had resigned and their offices were vacant. I. W. Schiffer, C. L. Burton and Walter Melesky remained. They were present at the meeting of the board at which the resolution quoted above was passed. At the close of the plaintiff's case defendant moved for a nonsuit, which was denied, filed exceptions to the findings of the court, and requested additional findings to be made.

1. Five errors are assigned upon this appeal. The points made by said assignments are practically to the same effect, namely, that there was no quorum present at said meeting of the board of directors, and that the corporation had not ratified the action of the board at any subsequent meeting. The answer pleaded that the resolution adopted was invalid for the reason that the plaintiff, C. L. Burton, was present at the meeting mentioned in order to form a quorum or majority of the board of directors which would have authority under the by-laws of the defendant corporation to make any resolution affecting the plaintiff or president of the company or any contract with him. The plaintiff, by his reply, pleaded that the action of the three directors was ratified by the corporation, and that the defendant is estopped from alleging that their action was illegal, for the reason that thereafter they paid the president the sum of $50 per month for five months, with the knowledge of the board of directors of the de-

fendant corporation and its stockholders.  The findings of the trial court having the force and effect of a verdict, the only question for determination is: Was there any competent evidence to support the findings as to the validity of the resolution adopted by the three directors?

2, 3.  The general proposition is laid down in 10 Cyc., page 778, as follows:

"It seems that, if there be unfilled vacancies in the board, the quorum is a majority of the entire board, as it would be constituted if all the vacancies were filled, and not a majority of the board as it remains with the vacancies unfilled."

On page 777 of the same work, it is stated:

"If one director, whose presence is necessary to constitute the quorum, or whose vote is necessary to constitute a majority of the quorum upon a given resolution, is disqualified by reason of his personal interest therein, then the act done is invalid."

In the case of *Marsters* v. *Umpqua Oil Co.,* 49 Or. 374, 377 (90 Pac. 151, 153, 12 L. R. A. (N. S.) 825), Mr. Chief Justice BEAN states the following:

"The rule of law which disqualifies a director from binding the corporation by a transaction in which he has an adverse interest is for the protection of the corporation and its stockholders, and the same is true of the provisions of law and the by-laws of the company relative to the meeting of directors, quorums, etc.  A director is an agent of the corporation.  He cannot, therefore, at the same time act for himself and his principal without full knowledge and free assent of the principal, and, if he assumes to do so, his acts may be avoided by the corporation or its stockholders.  Such transactions, however, are not absolutely void; they are only voidable at the instance of the corporation or a stockholder."

73 Or.—39

In *Bassett* v. *Consolidated etc. Co.*, 132 Cal. 637 (64 Pac. 1082, 52 L. R. A. 611), it was held that at a meeting of the directors of a corporation, a legal quorum cannot be formed by the presence of an interested director so as to authorize or ratify any action taken in his favor as a general manager. In *Curtin* v. *Salmon River etc. Co.*, 130 Cal. 345 (62 Pac. 552, 80 Am. St. Rep. 132, it was held that the provision of the California code that a majority of the directors of a corporation is a sufficient number to form a board for the transaction of business, and that, unless a quorum is present and acting, no business performed is valid as against the corporation, is limited by the principle that a director shall not participate in any act in which his personal interest is antagonistic to that of the corporation. In *Jones* v. *Morrison,* 31 Minn. 140 (16 N. W. 854), it was held that a director of a corporation "cannot properly act on or form part of a quorum to act" on a proposition to increase his compensation. In *Van Hook* v. *Summerville Mfg. Co.,* 5 N. J. Eq. 137, 169, the chancellor said that a member of a corporation contracting with it is regarded as to that contract as a stranger, and held that, as the corporation was managed by five directors, one director could not with two others constitute a board to vote a mortgage from the company to himself. In *Copeland* v. *Johnson Mfg. Co.,* 47 Hun (N. Y.), 235, where the corporation was governed by a board of five trustees, it was held that an agreement made by it in favor of its president under the authority of a vote of himself and two other trustees was invalid. Under a similar state of facts in *Butts* v. *Wood,* 37 N. Y. 317, the court held that the board as thus constituted had no authority to entertain a bill in favor of one of its members, or to do anything in relation to it; that the claimant

was disqualified from acting because he could not deal with himself ''and without him there was no quorum of the directors and they had no authority to transact business.'' In *United States Ice Co.* v. *Reed,* 2 How. Pr. (N. Y.), N. S., 253, the court said:

''A trustee whose attendance is necessary to make a quorum cannot act upon a claim in his own favor to bind the corporation, and by his presence he thus acted.''

In New York it has been held that, where an interested director takes part in the passage of a resolution, the corporate act is vitiated whether his vote was essential to its adoption or not: *Anderton* v. *Aronson,* 3 How. Pr. (N. Y.), N. S., 216; *Ashley* v. *Kinnan* (Sup.), 2 N. Y. Supp. 574; *Metropolitan Elevated Ry. Co.* v. *Manhattan Ry. Co.,* 14 Abb. N. C. (N. Y.) 103.

4–7. It is shown that during a portion of the five months for which plaintiff was paid a salary of $50 per month he performed services outside of and apart from those imposed upon him by virtue of his official capacity; and that he maintained his office with that of the company, devoted a portion of his time to the company, and rendered assistance in its general business. Therefore, under the ruling in *Barrenstecher* v. *The Hof Brau,* 67 Or. 194 (135 Pac. 518), extra compensation could properly be paid to him. We do not think that by so doing the company would acquiesce in the payment of that amount under changed conditions, or ratify a continuous payment of the same. In the meantime, Mr. Burton severed his connection with the office of the company and engaged in the life insurance business. During the time for which he now claims a salary, he attended to the formal duties of president of the corporation and did nothing else for the com-

pany.  Mr. Burton, being interested in the passage of the resolution in question, could not in the capacity of a director act for himself and his principal, the corporation, without the full knowledge and assent of that principal.  The fidelity of an agent demands this rule: The acts of an agent in dealing with the subject matter of his trust or agency which has been confided to his care are scrutinized by the court with jealous care and may be set aside on slight grounds: *Twin-Lick Oil Co. v. Marbury,* 91 U. S. 587 (23 L. Ed. 328).

It does not appear from the findings of the trial court that any of the officers of the company knowingly acted upon the resolution or ratified the same, except those who attempted to vote to raise the salary of the president, save as to the salary drawn for the five months. Their original act was taken at the meeting at which no legal quorum of qualified directors was present.

Section 714 of Clark & Marshall, Corporations, states the following:

"Any act on the part of the officers or agents of a corporation or third persons, without authority, but which might have been authorized, may be ratified by the same authority by which it might have been authorized, subject to express character or statutory provisions, * * *"

Section 715B of the same work states, in part:

"Unauthorized or irregular contracts or other acts by the officers or agents of a corporation cannot be ratified except by a person or persons having authority to authorize the same, and bind the corporation."

8.  The court found that the resolution of the corporation prior to August 28, 1911, provided for a salary of $25 per month for the president.  The evidence in the case is complete.  According to the mandate of

Article VII, Section 3, of our Constitution, we are required to change the judgment.   There is no evidence to support a finding or judgment for the plaintiff in excess of $25 per month, or $325.

The judgment of the lower court will therefore be reduced to that amount.                    MODIFIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.