[Sac. No. 2973. In Bank.—June 10, 1921.]

U. S. DE MOULIN, Plaintff, Cross-Defendant, and Appellant, v. MAGNESITE REFRACTORIES CO. et al., Defendants, Cross-Defendants, and Respondents; PAUL MILANOVICH, Defendant, Cross-Complainant, and Appellant.

[1] CORPORATIONS—INDEBTEDNESS TO PRESIDENT—MORTGAGES TO WIFE —INEFFECTIVE ASSIGNMENT BEFORE RESOLUTION—SUFFICIENCY OF EVIDENCE.—In this action for the foreclosure of mortgages executed by a corporation to the wife of its president to secure an indebtedness of the president against the corporation, the evidence

is held sufficient to justify the finding that the assignment of the indebtedness by the president to his wife had not become effective at the time of the adoption of the resolution of the board of directors authorizing the execution of the mortgages.

[2] ID.—RESOLUTION AUTHORIZING MORTGAGES—PASSAGE BY VOTE OF INTERESTED DIRECTOR—INVALID MORTGAGES.—Where the president of a corporation was directly interested in the passage of a resolution by the board of directors authorizing the execution of mortgages on corporate property to secure a claim due to the president from the corporation, which he intended to subsequently convey to his wife, and he was one of the two directors present and voting at the meeting, his vote was of no avail, the resolution was without authority, and the mortgages invalid.

[3] ATTACHMENT — UNAUTHORIZED CORPORATION MORTGAGES — SUBSEQUENT RATIFICATION—PRIORITY OF LIENS.—An attachment levied on corporation property has priority over mortgages previously executed thereon without proper authority from the board of directors, notwithstanding the attempted ratification by the board of such unauthorized execution after the levy of the attachment.

[4] ASSIGNMENT—NOTES AND MORTGAGES FOR PRECEDENT INDEBTEDNESS—INVALIDITY OF NOTES AND MORTGAGES—TRANSFER OF INDEBTEDNESS.—An assignment of notes and mortgages given for a precedent indebtedness has the effect of transferring the prior indebtedness even if the notes and mortgages are void.

APPEALS from a judgment of the Superior Court of Tulare County.   J. A. Allen, Judge.   Affirmed.

The facts are stated in the opinion of the court.

William H. Fuller and N. F. Bradley for Plaintiff, Cross-Defendant, and Appellant.

F. J. Schuhl, Middlecoff & Feemster, Middlecoff, Scott & Ham, Max B. Jamison and J. T. Fuller for Defendant, Cross-Complainant, and Appellant.

WILBUR, J.—On August 20, 1917, the defendant corporation was indebted to Ed De Moulin, its president, in the sum of $8,890.32.  At that time it was indebted to Paul Milanovich, the defendant, in the sum of $3,463.83.  On August 20, 1917, Ed De Moulin and W. H. Fuller, two of

---

4.  Transfer of note as carrying the original claim for which note was given, note, 11 A. L. R. 449.

the three directors of the defendant corporation, purporting to act as such directors at a special meeting of such board, authorized the execution of three mortgages to A. J. De Moulin, wife of Ed De Moulin, to secure said claim of $8,890.32, one mortgage covering the real estate belonging to the corporation in Tulare County, another covering the personal property located in said county, and the third covering the personal property located in Los Angeles County, valued at $1,998.30. The mortgagee assigned the mortgages to plaintiff, U. S. De Moulin, who is a brother of Ed De Moulin, who brought this action to foreclose the three mortgages above mentioned, but subsequently dismissed the third count for the foreclosure of the chattel mortgage upon the property in Los Angeles. The defendant corporation made default and Paul Milanovich appeared, and by way of answer and cross-complaint asserted that the mortgages in question were fraudulent and void as to him, and asked to have his claim established as a superior lien on all the real and personal property of the corporation. The personal property in Los Angeles County was sold after the commencement of this action for $1,998.30, which sum had been paid to plaintiff. Defendant Milanovich sought by his cross-complaint to have such sum applied to his claim. Milanovich brought an attachment suit on the twenty-seventh day of August, 1917, and the writ of attachment was levied against all the real and personal property of the defendant corporation in the county of Tulare but was not levied upon the personal property covered by the chattel mortgage in the county of Los Angeles. Judgment was rendered by the trial court giving Milanovich a prior lien as to the real and personal property in Tulare County and denying his prayer that the proceeds derived from the sale of the personal property in Los Angeles County be applied to his claim. The plaintiff appealed from that portion of the judgment giving Milanovich a prior lien, and Milanovich appeals from that portion of the judgment refusing to direct the application of the proceeds of the personal property in Los Angeles to his claim. Both appeals were taken upon the judgment-roll, including a bill of exceptions, and are now before us for consideration. The trial court found as a fact that the corporation was insolvent at the time of the execution of the mortgages in question, and it clearly appears from the pleadings and the evidence that the

indebtedness of the corporation was vastly in excess of its assets. At the time in question forty cars of worthless rock and dirt supposed by the defendant corporation to be magnesite ore were en route to a consignee in New York, who, subsequently discovering the character of the shipment, refused to receive or pay for it. It is clear that at the time in question the corporation was actually insolvent, although the directors may have believed that the shipment in question was worth thirty thousand dollars, as it would have been had it consisted of magnesite ore, in which event the corporation would have been solvent.

[1] The trial court found that at the time of the adoption of the resolution authorizing the mortgages in question, the corporation was not indebted to A. J. De Moulin. It is conceded that the corporation was indebted on and prior to August 20, 1917, to its president, Ed De Moulin, in the sum of $8,890.32 as above stated. The plaintiff's claim is that Ed De Moulin assigned his claim against the corporation to his wife, A. J. De Moulin, on the twentieth day of August, 1917, prior to the time when the purported meeting of the board of directors was held. There is sufficient, however, in his evidence to justify the finding of the trial court that the assignment of said indebtedness had not become effective at the time of the adoption of the resolution authorizing the mortgages. Ed De Moulin testified that the written assignment offered in evidence was made out by him on the evening of August 19th, was brought by him to the office on August 20th, that he believed that his wife was not present in the office at any time during that day and that after the passage of the resolution and the execution of the notes and mortgages in question he took said notes and mortgages and delivered them to his wife at her residence, receiving in consideration therefor a surrender of his note for four thousand five hundred dollars theretofore executed and delivered by him to his wife by way of gift the preceding April. He does not testify that the assignment was delivered to her prior to the meeting of the board of directors, and the circumstances indicate that it was delivered afterward, although he did testify in general terms that he assigned his claim to his wife previous to the passage of the resolution in question.

[2] This being true, it follows that it is unnecessary to consider the contention of the defendant that the meeting of the

board of directors was apparently held without any previous notice of such meeting, because the president, one of the two directors present and voting at the meeting, was directly interested in the passage of the resolution authorizing the execution of the mortgages to secure a claim due to him which he intended subsequently to convey to his wife. His vote upon the resolution was therefore of no avail, the resolution was without authority, and the mortgages executed in pursuance thereof were invalid. (*Curtin* v. *Salmon River etc. Co.,* 130 Cal. 345, [80 Am. St. Rep. 132, 62 Pac. 552].) It is claimed that the same two directors met on the 3d of September, 1917, at a regular meeting, at a time and place fixed in the by-laws, and passed a resolution ratifying and confirming the execution of said mortgages. [3] Assuming for a moment that this meeting was properly constituted, the act of ratification would be unavailing as to the real and personal property in Tulare County because Milanovich had caused an attachment to be levied thereon, which attachment would have priority notwithstanding the attempted ratification; and, for the reasons hereinafter stated, it is unnecessary to determine the validity of the chattel mortgage on the property in Los Angeles County. (Civ. Code, sec. 2313.)

The district court of appeal reversed that portion of the judgment of the trial court which denied the application of Milanovich to have the $1,998.30 received from the sale of the personal property in Los Angeles County applied to his claim, on the ground that the plaintiff had no valid obligation against the corporation and therefore held that sum for the corporation. It was because of our doubt as to the correctness of this conclusion, particularly in view of the recent decision of this court upon a similar question in *Ellison* v. *Henion,* 183 Cal. 171, [11 A. L. R. 444, 190 Pac. 793], that the rehearing was granted. [4] Under that decision and *Goldman* v. *Murray,* 164 Cal. 419, [129 Pac. 462], the assignment of the notes and mortgages given for a precedent indebtedness would have the effect of transferring the prior indebtedness even if the notes and mortgages were void. Applying that principle to the case at bar, we find that after the execution of the notes and mortgages in question the prior indebtedness which they were given to secure was transferred to A. J. De Moulin and her subsequent transfer of the mortgages and notes carried the indebtedness with it,

and thus the plaintiff was a creditor of the defendant corporation to the extent of $8,890.32, and the corporation having consented to the sale of the personal property of the corporation in Los Angeles County and to the application of the proceeds to that indebtedness, the defendant and cross-complainant Milanovich is not entitled to complain of that action unless he had a lien thereon prior to the sale. The trial court found that the chattel mortgage upon the Los Angeles personal property was not recorded. It is contended that there is no evidence to support this conclusion, and it is asserted in the brief that it was in fact recorded. This, however, is immaterial, because the cross-complainant Milanovich never secured a lien thereon by attachment; therefore the application of the proceeds of the sale to a valid indebtedness of the corporation then owing to the plaintiff was a proper application of the assets of the corporation.

The judgment is affirmed.

Lennon, J., Sloane, J., Shaw, J., Olney, J., Angellotti, C. J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred, except Wilbur, J., who was absent.